469 So.2d 141 (1985)
William G. BELL, Appellant,
v.
Daniel G. GELLERT, Appellee.
No. 83-1604.
District Court of Appeal of Florida, Third District.
January 22, 1985.
Thornton, David & Murray and Barry L. Davis and Carolyn A. Pickard and Kathleen O'Connor, Miami, for appellant.
Daniel Gonzales Gellert, in pro. per.
Before SCHWARTZ, C.J., and HUBBART and JORGENSON, JJ.
PER CURIAM.
We affirm the final summary judgment entered below in favor of the defamation defendant Daniel G. Gellert *142 based on the following, briefly stated, legal analysis. First, a defamation action arising out of a labor grievance complaint filed by an airline pilot against his airline employer, as here, may be maintained in a state court and is not pre-empted by the Railway Labor Act, 45 U.S.C. §§ 151-188 (1976). See Brotherhood of Railroad Trainmen v. Jacksonville Terminal Co., 394 U.S. 369, 89 S.Ct. 1109, 22 L.Ed.2d 344 (1969); Linn v. United Plant Guard Workers of America, 383 U.S. 53, 86 S.Ct. 657, 15 L.Ed.2d 582 (1966). Second, the defamatory statements sued upon are absolutely privileged because they (a) are contained in the above-stated labor grievance complaint, (b) are relevant for defamation law purposes to the labor grievance complaint, W. Prosser & W.P. Keeton, The Law of Torts § 114, at 818 (5th ed. 1984); Restatement (Second) of Torts § 587 comment c (1977), and (c) are, therefore subject to an absolute privilege based on the better-reasoned authority in the country. Restatement (Second) of Torts §§ 585 comment c, 587 comment f (1977); Annot., 60 A.L.R.3d 1041, 1053-54 (1974).
Affirmed.