PALMER, J.
Hugh Brown appeals the trial court’s final order entering summary judgment in favor of Comair, Inc. and T. Jack Goodner on Brown’s suit for defamation. Finding that the undisputed evidence of record establishes that the publications which form the basis of Brown’s defamation claim are absolutely privileged, we affirm.
Brown is employed by Comair as a pilot. Brown’s complaint alleged that Comair suspended his employment for a month without pay based upon an incident which occurred during flight. Brown’s defamation complaint is based upon letters of suspension drafted by Goodner which, according to Brown, falsely recounted the events which precipitated his suspension. Brown admitted that the letters of suspension were provided to him pursuant to a collective bargaining agreement which covers the pilots at Comair. The trial court granted summary judgment in favor of the defendants, finding that the statements contained in the letters of suspension, even if defamatory, were absolutely privileged based upon Hope v. Nat'l Alliance of Postal & Fed. Employees, 649 So.2d 897 (Fla. 1st DCA 1995). We agree.
In order to be absolutely privileged, a statement need only be relevant to the labor grievance proceedings. Hope, 649 So.2d at 900 (citing Bell v. Gellert, 469 So.2d 141, 142 (Fla. 3d DCA 1985)). Relevancy is broadly defined to include any statement which has “some relation” to the grievance proceeding. Id. at 901 (citing to Levin, Middlebrooks, Mabie, Thomas, Mayes & Mitchell, P.A. v. U.S. Fire Ins. Co., 639 So.2d 606 (Fla.1994)).
Brown contends that the trial court erred in entering summary judgment against him because the record contains genuine issues of material fact as to whether the alleged defamatory statements were made during, or in relation to, a grievance proceeding. To support the claim, Brown asserts that since the statements were published a month before he *898 filed a grievance they were not made within the context of a grievance proceedings. However, it is undisputed that the letters of suspension were sent pursuant to, and in compliance with, the terms of the parties’ collective bargaining agreement. Therefore, the alleged defamatory statements contained within those letters were “relevant” to the grievance proceeding and thus entitled to absolute immunity. Hope. See also Hasten v. Phillips Petroleum Co., 640 F.2d 274 (10th Cir.1981) (holding that because a discharge letter was a step required in the grievance machinery, the contents of the letter were subject to absolute privilege).
AFFIRMED.
COBB and HARRIS, JJ., concur.